**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Allen WILLIAMS, Defendant–
Appellant.**

**No. 07–30162.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2008.

Filed Sept. 24, 2008.

Marcia Kay Hurd, Esquire, Assistant U.S., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David A. Merchant, II, Esquire, Billings, MT, for Defendant–Appellant.

Before: PREGERSON, CANBY, and NOONAN, Circuit Judges.

### MEMORANDUM *

David Allen Williams pled guilty to distribution, receipt, and possession of child pornography. He was sentenced to 300 months incarceration for these offenses. Williams now appeals his sentence, arguing first that the district judge incorrectly applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, and second that the sentence was unreasonable. He also argues for the first time on appeal that his multiple convictions for receipt and possession of child pornography violate the Double Jeopardy Clause. This court reviews the district court's interpretation of the Sentencing Guidelines *de novo*, the application of the Guidelines to the facts for abuse of discretion, and the factual findings for clear error. *United States v. Menyweather*, 447 F.3d 625, 630 (9th Cir.2006). Arguments not raised in the district court are reviewed for plain error. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). We affirm in part and reverse in part.

We reject Williams's argument that the district court improperly applied an enhancement for obstructing justice under U.S.S.G. § 3C1.1. Williams's journey to a different state was not to "avoid[ ] or flee[ ] from arrest," § 3C1.1 cmt. n. 5(d),

but was rather an example of "willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1 cmt. n. 4(e). Williams "knew he was expected to surrender himself voluntarily" but opted to "play a cat-and-mouse game of avoiding the authorities." *United States v. Mondello*, 927 F.2d 1463, 1467 (9th Cir.1991). The out-of-circuit authority Williams cites does not support his case. *See, e.g., United States v. Teta*, 918 F.2d 1329, 1331 (7th Cir.1990) (holding that a voluntary and intentional failure to appear at an arraignment merits the enhancement). The fact that Williams was not arrested prior to his flight does not change the analysis; neither U.S.S.G. § 3C1.1 nor its comment note 4(e) contains a requirement of prior arrest, and the guideline itself recognizes that conduct impeding an investigation may merit the enhancement. U.S.S.G. § 3C1.1; *see also id.* cmt. n. 1 (conduct prior to the investigation may also merit enhancement if "purposefully calculated, and likely, to thwart the investigation"); *Mondello*, 927 F.2d at 1466 (enhancement applies to "conduct calculated . . . to willfully interfere with the disposition of *criminal charges* ") (quoting commentary to § 3C1.1) (emphasis added). The district court therefore did not abuse its discretion by applying the obstruction enhancement.

We next consider Williams's claim, not raised below, that his conviction and sentence violates the rule of *United States v. Davenport*, 519 F.3d 940 (9th Cir.2008). Williams was convicted of both receipt of child pornography (Count VII) and possession of child pornography (Count VIII) occurring from 2001 until May 2005. Because possession of child pornography is a lesser-included offense of receipt, these

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

overlapping convictions violate the Fifth Amendment's Double Jeopardy Clause. *Id.* at 948. Such an error is plain and imposes upon substantial rights, threatening the fairness, integrity, and public reputation of our judicial proceedings. *Id.* at 947–48. The government candidly concedes that *Davenport* applies and that the convictions and sentence cannot stand in their present form. We therefore vacate the judgment and remand with instructions that the district court vacate Williams's conviction on one of the two counts,[1] allowing for it to be reinstated without prejudice if his other conviction should be overturned on direct or collateral review. *Id.* at 948.

Because our remand may lead to a different sentence for Williams, we do not address his contention that his present sentence of 300 months, very likely the rest of his expected natural life, is unreasonable in light of the provisions of 18 U.S.C. § 3553(a).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

1. *Davenport* did not address the question whether possession is a lesser-included offense of distribution, and that issue has not yet been presented for review in this case. The question will arise if the district court elects to retain the possession conviction.

